Filed 7/24/14  P. v. Ridge CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES D. RIDGE,<br><br>    Defendant and Appellant. | B255362<br><br>(Los Angeles County<br>Super. Ct. No. VA040116) |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant James D. Ridge appeals from an order denying his petition for recall of his sentence pursuant to Penal Code section 1170.126, added by Proposition 36, the Three Strikes Reform Act of 2012. We conclude defendant is ineligible for resentencing under the statute because one of his prior convictions was for a violent felony.

## BACKGROUND

In 1997, defendant was convicted of possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) The trial court sentenced him to a third strike term of 25 years to life.

On June 19, 2013, defendant filed a petition for recall of sentence pursuant to Penal Code section 1170.126,[1] alleging his commitment offense was not a serious or violent felony. The trial court denied the petition, explaining one of defendant's prior convictions was for forcible rape (§ 261(2)), which is a disqualifying offense pursuant to section 667, subdivision (e)(2)(C)(iv)(I) and made defendant ineligible for resentencing pursuant to section 1170.126, subdivision (e)(3).

Defendant filed a timely appeal and we appointed counsel to represent him. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. On May 29, 2014, we sent letters to defendant and appointed counsel, directing counsel to forward the appellate record to defendant and advising defendant that within 30 days he could personally submit any contentions or issues he wished us to consider. To date he has not responded.

## DISCUSSION

### 1. Appealability

Proposition 36, known as the Three Strikes Reform Act of 2012, was approved on November 6, 2012, and went into effect the next day. It amended sections 667 and 1170.12 so that an indeterminate term of 25 years to life in prison is applied only where

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

the third strike offense is a serious or violent felony or the prosecution pleads and proves an enumerated factor. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)

Proposition 36 also created section 1170.126, which provides a procedure for resentencing "persons presently serving an indeterminate term of imprisonment" under the "Three Strikes" law "whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. (§ 1170.126, subd. (b).) An inmate is eligible for such resentencing if none of his or her commitment offenses constituted serious or violent felonies. (§ 1170.126, subd. (e).) The statute does not address review of a trial court's denial of a petition filed pursuant to section 1170.126.

In *People v. Hurtado* (2013) 216 Cal.App.4th 941, 945 (rev. granted July 31, 2013) we held that a trial court's order denying a section 1170.126 petition to recall a sentence is appealable. Our Supreme Court granted review of that and another opinion, *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, 310 (rev. granted July 31, 2013), to determine whether such an order is appealable.

Until the Supreme Court instructs otherwise, we will continue to treat a trial court's ruling on a petition to recall a sentence as appealable.

## 2. Defendant's disqualifying conviction

On February 18, 1988, defendant was convicted of forcible rape, a violent felony. (§ 667.5, subd. (c)(3).) A person who has suffered a prior violent felony conviction is ineligible for resentencing. (§ 667, subd. (e)(2)(C)(iv)(I).) Accordingly, the trial court properly denied defendant's petition to recall his sentence.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.